IN  THE  UNITED  STATES  DISTRICT  COURT
FOR  THE  NORTHERN  DISTRICT  OF  ILLINOIS
EASTERN  DIVISION

| | | |
|---|---|---|
| PATSY  WALKER-DABNER | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | Case No.15 cv 00942 |
| THOMAS DART, Sheriff of Cook County, | ) | **PLAINTIFF  DEMANDS  TRIAL** |
| Lieutenant DAVID  ROSARIO, Cook County | ) | **BY  JURY** |
| Correctional Officer and Supervisor, | ) | |
| SCOTT  BRATLIEN, Superintendent of Division | ) | Judge:  Robert M. Dow, Jr. |
| 11 of the Cook County Jail, GEORGE TURNER, | ) | |
| Correctional Officer Assistant Director of Human | ) | Magistrate Judge:  Daniel G. Martin |
| Resources, CARA  SMITH, Executive Director of | ) | |
| Human Resources for the Cook County Jail, and | ) | |
| BLANK BOCHNAK, Correctional Officer. | ) | |
| | ) | |
| Defendants, | ) | |
| Jointly and Severally. | ) | |

## AMENDED  COMPLAINT

NOW  COMES,  the  Plaintiff,  Patsy  Walker-Dabner,  by  and  through  her  Attorney,

Gwendolyn  Dale  Anderson  of  the  Law  Office  of  Gwendolyn  Anderson  &  Associate  and

complaining of Defendants, Thomas Dart, Sheriff of Cook County, Lieutenant David Rosario,

Cook County Correctional Officer and Supervisor,  Scott  Bratlien,  Superintendent  of  Division

11 of the Cook County Jail, George Turner, Correctional Officer Assistant Director of Human

Resources, Cara Smith, Executive Director of Human Resources for the Cook County Jail, and

Blank Bochnak Correctional Officer.

1

## JURISDICTION

**1.**     This cause of action is being brought for compensatory and punitive damages for damages sustained by Plaintiff, Patsy Walker-Dabner, resulting from Racial Discrimination and Harassment under Title VII of the Civil Rights Act of 1964 as amended and 42 U.S.C. Section 1983 et seq. of the Act.  Plaintiff also brings this action under Title VII because of the Mental Distress she sustained from the psychological injuries and mental anguish suffered as a result of the Racial Discrimination.

**2.**     Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. Section 1331, 28 U.S.C. Section 1343 (a)(4) and 42 U.S.C. 2000 (e)(a).

**3.**     Plaintiff, Patsy Walker-Dabner, timely and diligently filed a Charge of Racial Discrimination and Harassment against the Sheriff of Cook County, Thomas Dart, with the United States Equal Employment Opportunity Commission (hereinafter "EEOC") on October 24, 2014 under charge number 440-2015-1956.  Subsequent to the discriminatory event in this case, Plaintiff attempted to file a grievance with Diane Good, Union Representative, against the Correctional Officers, Teamster Local 700.  Ms. Good refused to accept the grievance and directed the Plaintiff to the EEOC.

**4.**     On October 30, 2014, the EEOC issued a DISMISSAL AND NOTICE OF RIGHTS TO SUE letter (See Exhibit "A" attached hereto) to Plaintiff allowing Plaintiff to commence a cause of action in a Court of competent jurisdiction.

**5.**     Plaintiff, Patsy Walker-Dabner, has fully complied with all administrative prerequisites before the commencement of this action before this Court.  Plaintiff reported the incident to the proper union members of the Teamster Union Local 700 as well.

**6.**     Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. Section 1392 (b)(2) where the unlawful practices complained of occurred.

**PARTIES**

**7.**     Plaintiff, Patsy Walker-Dabner, is at all times herein referred to as an African American Female, age 58, who is employed as a correctional officer for Defendant, Thomas Dart, Sheriff of Cook County.  Plaintiff is as member of a protected class under Title VII of the Civil Rights Act of 1964 as amended and by 42 U.S.C. Section 1981.

**8.**     Defendant Sheriff Thomas Dart (hereinafter "Dart") is an elected official elected by the People of Cook County.  Defendant Dart is a white male.  Defendant Dart is the Sheriff of Cook County acting under the Laws of the Circuit Court of Cook County and the Supreme Court of Illinois.  Defendant Dart also is responsible for enforcing and upholding the General Orders of the Jail (See Exhibit "B" attached hereto), the By-Laws and other Rules of the Sheriff's Office. Defendant Dart is responsible for abiding by all Federal Laws, Statutes of the United States and the Northern District of Illinois that are applicable to the jail and his duty.

**9.**     Defendant Dart employs more than 500 employees at the Cook County Jail wherein these employees are responsible for maintaining security for the more than 11,000 inmates which is within the meaning of 42 U.S.C Section 2000 (e)(b) of Title VII of the Civil Rights Act of 1964 as amended by 42 U.S.C. Section 1981 of the Civil Rights Act.

**10.**     Defendant Lieutenant David Rosario (hereinafter "Rosario") is the Supervisor and a white/Hispanic male.  Defendant Rosario is the supervisor of the Plaintiff Patsy Walker-Dabner and Correctional Officer Blank Bochnak and other correctional officers in Division 11 of the Cook County Jail.  As supervisor, Defendant Rosario has the authority to receive complaints and

grievances of the officers and recommend disciplinary action to the Human Resource Department.

**11.** Defendant Scott Bratlien (hereinafter "Bratlien"), a white male, is the Superintendent of Division 11 and he has the authority to discipline correctional officers in that Division as well as request termination or suspension of an employee correctional officer's employment.

**12.** Defendant Cara Smith (hereinafter "Smith") is the Executive Director of the Human Resources Department for the Cook County Jail.

**13.** Defendant George Turner, (hereinafter "Turner"), a white male, is the Assistant Director of Human Resources for the Cook County Jail and has the authority to suspend or otherwise discipline employees of the jail.

**STATEMENT OF FACTS**

**14.** On July 30, 2014, Plaintiff Walker-Dabner was assisted as a movement officer in the A Pod Tier of Division 11 of the Cook County Jail. Correctional Officers Blank Bochnak, a white male, was also assigned with Plaintiff Walker-Dabner, an African American Female. Correctional Officer L. Walker, a black male, was assigned as a movement officer also. The purpose of the movement officers was to enable the inmates to move about the division in an orderly manner as well as provide security and order in the facility.

**15.** Sometime after 9:00 a.m. that morning, Plaintiff heard screaming and shouting coming from that tier where the inmates were located. The inmates were banging on their windows, screaming and causing a disturbance. It appears that the inmates were angry with Officer Bochnak because he was directing racial slurs at them and refusing to issue certain necessities such as tissue, soap and toothpaste for their use.

16.     At approximately 9:30 a.m. or thereabouts, Officer Bochnak walked over to Plaintiff Walker-Dabner and stated to her "Your people need you.  They are not my people."  Plaintiff told Bochnak, "That is your assignment." Officer Bochnak stated again "Those are your people, they're not my people."  Officer Bochnak walked away as he spoke.  Plaintiff asked Bochnak, "Are you calling me a black person or maybe a "nigger"?"  At the time that the incident occurred, Correctional Officer L. Walker was present.  After the incident, Plaintiff became humiliated and upset.  Plaintiff left work immediately after the racial slurs were made.

17.     The following Monday, August 1, 2014, Plaintiff reported the incident to Defendant Rosario and Superintendent Bratlien.  Neither officers documented the occurrence even though Plaintiff states on information and belief there were other such incidents involving Officer Bochnak making racial remarks toward black inmates and correctional officers.  On one occasion, Bochnak stated that he was not concerned about being fired or terminated because his father was a Chicago Police Officer and no one would fire or discipline him.

18.     In the instant case, Officer Bochnak admitted to making the racial epithets to other officers.  A conference was held on August 8, 2014 wherein Officer Bochnak admitted to the racial slurs and he allegedly apologized to the Plaintiff.  The conference was conducted by Lieutenant Rosario, Executor Director Smith of the Human Resources Department and others.  Plaintiff attempted to file a grievance with the Union however, the Union's Steward, Diane Good, refused Plaintiff's request and told her that an EEOC Charge must be filed first.

19.     On August 19, 2014, Plaintiff filed a charge with the EEOC alleging a Violation of Racial Discrimination under Title VII of the Civil Rights Act of 1964 as amended.  The EEOC issued a Right to Sue Letter (See Exhibit "A" hereto attached) to the Plaintiff on October 30, 2014.

20.     Plaintiff states on information and belief that the Defendants were aware of the racial discrimination and racial harassment of Officer Bochnak but did not officially document his conduct of the complaints made against him.  Rather, the Defendants herein sought to ignore the conduct and on information and belief, Plaintiff states that the Defendants were aware of the pattern of racial discrimination and harassment of Officer Bochnak.

21.     In this case, Defendants Rosario, Bratlien, Turner and Smith did not allow the Plaintiff the opportunity to file a grievance for the wrongful conduct of Officer Bochnak, but asked Plaintiff to accept Bochnak's "apology".

22.     Plaintiff states on information and belief that the Defendants' failure to discipline Office Bochnak, who was a probationary employee of less than one year of employment, for violating Plaintiff's rights under Title VII of the Civil Rights Act of 1964 as amended.

23.     In addition thereto, Plaintiff further states that the Defendants and the Union Representative and Steward knew of the pattern of racial discrimination in this case but refused or failed to officially discipline the conduct of Officer Bochnak.

## COUNT I

## RACIAL DISCRIMINATION

24.     Plaintiff, Patsy Walker-Dabner, re-alleges Paragraphs 1 through 23 as fully set forth herein in Count I.

25.     At all times mentioned herein, Defendants Dart, Rosario, Bratlien, Turner, Bochnak and Smith while acting under "color of law", treated Plaintiff differently on the basis of her race and color in the terms and conditions of failing to discipline Officer Bochnak, a white male, for his racial discrimination toward Plaintiff and the inmates of Division 11.

26.     At all times mentioned herein, the Defendants acting through managerial directors and supervisors by refusing to allow Plaintiff to file a grievance against Defendant Bochnak which was motivated by Plaintiff's race and color, an African American Female in violation of 42 U.S.C. Section 2000 (e) of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991.

27.     As a direct and proximate cause of the Defendant's, specifically the racial slurs uttered by Defendant Bochnak, Plaintiff suffered emotional distress which caused Plaintiff to seek the assistance of a psychologist for treatment.

28.     After the incident and racial discriminatory conduct of Officer Bochnak, Plaintiff felt humiliated, mental anguish, rage, loss of reputation in the work place and other compensatory damages.    Plaintiff was embarrassed when she went to work and generally emotionally disturbed.    Prior to the incident with Defendant Bochnak, Plaintiff did not suffer from the aforementioned conduct.

29.     As a direct and proximate causation of the Defendants' conduct toward Plaintiff, Plaintiff Patsy Walker-Dabner seeks compensatory damages pursuant to 42 U.S.C. 2000(e)-5(g)(1) as well as reasonable attorney's fees, any and all costs and expert witness' fees.

     WHEREFORE, the Plaintiff Patsy Walker-Dabner seeks judgment against the Defendants in excess of $100,000.00, attorney's fees, costs and expert witness' fees.

## COUNT II

### HARASSMENT UNDER TITLE VII OF THE
### CIVIL RIGHTS ACT OF 1964 AS AMENDED

30.     Plaintiff, Patsy Walker-Dabner, re-alleges Paragraphs 1 through 29 as fully set forth herein in Count II.

31.     Plaintiff Walker-Dabner is a protected member under Title VII of the Civil Rights Act of 1964 as amended which prohibits harassment in the workplace.

32.     Plaintiff was subjected to harassment in the workplace because of her color and race.  On July 30, 2014, Defendant Bochnak referred to the Plaintiff's race and color in the workplace by using language that adversely referred to Plaintiff's racial origin and color.  The same language was uttered toward the inmates in Division 11.  In essence, Defendant Bochnak told the Plaintiff that these inmates as well as you are black and not white and thus your responsibility.

33.     The use of racial slurs substantially affected Plaintiff emotionally and caused mental anguish, rage and humiliation which affected Plaintiff's ability to work in a healthy workplace environment.

34.     In the case at bar, the employer, specifically Defendants Dart, Rosario, Bratlien, Turner and Smith were aware of the racial slurs made by Officer Bochnak.  This was evidenced by the Defendants conducting a conference on August 19, 2014 requesting that Defendant Bochnak apologize to Plaintiff, and the Publication of the Sheriff's Order on August 29, 2011 (See Exhibit "B" attached hereto).

35.     After the conference, Plaintiff still asked the employer and Defendants to initiate grievance procedures against Defendant Bochnak.  The supervisors and Union Steward, Diane Good, told Plaintiff to file an EEOC Charge instead.

36.     In the case at bar, the Defendants failed to comply with the County Jail Sheriff's Officer's Policy which prohibited Harassment and Racial Discrimination as set forth in SHERIFF'S ORDER of August 29, 2011 No. 11.4.5.0 (See Exhibit "B" attached hereto).

37.     Plaintiff is asking that punitive damages be granted in this cause because the Conduct of Bochnak was the proximate cause for Harassment in the workplace.

WHEREFORE, the Plaintiff prays the punitive damages, reasonable attorney's fees, costs and expert witness' fees are awarded and Plaintiff prays for judgment in excess of $100,000.00.

Respectfully Submitted

Date: February 24, 2015

By: *Gwendolyn D. Anderson*
Gwendolyn Dale Anderson, Esq.
Attorney for Plaintiff

Prepared by:

Gwendolyn Dale Anderson, Esq.
Law Office of Gwendolyn Dale Anderson & Associate
6727 S. Euclid Avenue
Chicago, IL 60649
Ph#(773) 520-5506
attygwendanderson@sbcglobal.net
Atty. No. 0048682

# Exhibit "A"

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: **Patsy Walker-Dabner** | From: **Chicago District Office** |
|---|---|
| **P.O. Box 5316 Lansing** | **500 West Madison St** |
| **Lansing, IL 60408** | **Suite 2000** |
| | **Chicago, IL 60661** |

| ☐ | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **440-2015-00675** | **Brandi Kraft,** **Investigator** | **(312) 869-8153** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

| ☐ | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
|---|---|
| ☐ | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
| ☐ | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| ☐ | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| ☒ | The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge. |
| ☐ | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| ☐ | Other (briefly state) |

## - NOTICE OF SUIT RIGHTS -
### (See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_John P. Rowe_                                                 10/30/2014

**John P. Rowe,**                                                 (Date Mailed)
**District Director**

Enclosures(s)

cc:     **Julie Bisbee, Esq.**
        **Assistant General Counsel**
        **Cook County Sheriff**
        **Richard J. Daley Center**
        **50 W. Washington**
        **Chicago, IL 60602**

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 440-2015-00675 |

| Illinois Department Of Human Rights | and EEOC |
|---|---|

State or local Agency, if any

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Ms. Patsy Walker-Dabner** | **(708) 543-8389** | **04-25-1956** |

| Street Address | City, State and ZIP Code |
|---|---|
| **P.O. Box 5316 Lansing, Lansing, IL 60408** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **COOK COUNTY SHERIFF** | **500 or More** | **(773) 674-6518** |

| Street Address | City, State and ZIP Code |
|---|---|
| **3015 South California, Chicago, IL 60608** | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☒ RACE  ☒ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest                Latest
                         **07-19-2014**

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

**I was hired by Respondent on or about July 16, 1991. My current position is Corrections Officer. During my employment, I was subjected to racial harassment. I complained to no avail.**

**I believe I have been discriminated against because of my color, dark-skinned, and race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended.**

RECEIVED EEOC

OCT 2 4 2014

CHICAGO DISTRICT OFFICE

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Oct 24, 2014 *Date*    *[signature] Patsy W Dabner*  *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Chicago District Office**

500 West Madison St., Suite 2000
Chicago, IL 60661
PH: (312) 869-8010
TTY: (312) 869-800
ENFORCEMENT FAX: (312) 869-8220
LEGAL FAX: (312) 869-8124

# NOTICE OF DISCLOSURE RIGHTS

Parties to an EEOC charge are entitled to review and obtain copies of documents contained in their investigative file. Requests <u>must be made in writing</u> to Sylvia Bustos and mailed to the address above or faxed to (312) 869-8220.

If you are the Charging Party and a RIGHT TO SUE has been issued, you may be granted access to your file:

* <u>Before filing a lawsuit,</u> but within 90 days of your receipt of the Right to Sue, or

* <u>After your lawsuit has been filed.</u> If more than 90 days have elapsed since your receipt of the Right to Sue, include with your request a copy of the first page of your court complaint reflecting the docket number.

If you are the Respondent you may be granted access to the file <u>only after</u> a lawsuit has been filed. Include with your request a copy of the first page of the court complaint reflecting the docket number.

Pursuant to federal statutes, certain documents, such as those which reflect the agency's deliberative process, will not be disclosed to either party.

You must sign an Agreement of Nondisclosure before you are granted access to the file. (Statutes enforced by the EEOC prohibit the agency from making investigative information public.)

Your request for access to your file will be acted upon no later than ten (10) days following receipt of your request.

When the file becomes available for review, you will be contacted. You may review the file in our offices and/or request that a copy of the file be sent to you. Files may not be removed from the office.

Your file will be copied by Aloha Document Services, 60 East Van Buren, Suite 1502, Chicago, IL 60606, (312) 542-1300. You are responsible for the copying costs and must sign an agreement to pay these costs before the file will be sent to the copy service. Therefore, <u>it is recommended that you first review your file</u> to determine what documents, if any, you want copied. EEOC cannot review your file or provide a count of the pages contained in it. If you choose not to review your file, it will be sent <u>in its entirety</u> to the copy service, <u>and you will be responsible for the cost.</u> Payment must be made directly to Aloha Document Services.

(revised 01/03/11)

## FILING SUIT IN COURT OF COMPETENT JURISDICTION

**PRIVATE SUIT RIGHTS:**

This issuance of this Notice of Right to Sue ends EEOC's process with respect to your charge. You may file a lawsuit against the respondent named in your charge within 90 days from the date you receive this Notice. Therefore you should keep **a record of this date.** Once this 90-day period is over, your right to sue is lost. If you intend to consult an attorney, you should do so as soon as possible. Furthermore, in order to avoid any question that you did not act in a timely manner, if you intend to sue on your own behalf, your suit should be filed **well in advance of the expiration of the 90-day period.**

You may file your lawsuit in a court of competent jurisdiction. Filing this Notice is not sufficient. A court complaint must contain a short statement of the facts of your case which shows that you are entitled to relief. Generally, suits are brought in the state where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office.

You may contact EEOC if you have any questions about your rights, including advice on which court can hear your case, or if you need to inspect and copy information contained in the case file.

A lawsuit against a **private** employer is generally filed in the U.S. District Court.

A lawsuit under Title VII of the Civil Rights Act of 1964, as amended, against a **State agency or a political subdivision of the State** is also generally filed in the U.S. District Court.

However, a lawsuit under the Age Discrimination in Employment Act or the Americans with Disabilities Act or, probably, the Equal Pay Act against a **State instrumentality** (an agency directly funded and controlled by the State) **can only be filed in a State court.**

A lawsuit under the Age Discrimination in Employment Act or the Americans with Disabilities Act or the Equal Pay Act against a **political subdivision of the State,** such as municipalities and counties, may be filed in the U.S. District Court.

For a list of U.S. District Courts, please see reverse side.

**IF THE FIRST THREE CHARACTERS OF YOUR EEOC CHARGE NUMBER ARE "21B" AND YOUR CHARGE WAS INVESTIGATED BY THE ILLINOIS DEPARTMENT OF HUMAN RIGHTS (IDHR), REQUEST FOR REVIEWING AND COPYING DOCUMENTS FROM YOUR FILE MUST BE DIRECTED TO IDHR.**

**ATTORNEY REPRESENTATION:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the court having jurisdiction in your case may assist you in obtaining a lawyer. If you plan to ask the court to help you obtain a lawyer, you must make this request of the court in the form and manner it requires. Your request to the court should be made well before the end of the 90-day period mentioned above. A request for representation does not relieve you of the obligation to file a lawsuit within this 90-day period.

**DESTRUCTION OF FILE:**

If you file suit, you or your attorney should forward a copy of your court complaint to this office. Your file will then be preserved. Unless you have notified us that you have filed suit, your charge file could be destroyed as early as six months after the date of the Notice of Right to Sue.

**IF YOU FILE SUIT, YOU OR YOUR ATTORNEY SHOULD NOTIFY THIS OFFICE WHEN THE LAWSUIT IS RESOLVED.**

5/11/2000

## Information on Where to File Suit

You have been notified of your right to file suit in Federal District Court. Suit is ordinarily filed in the District Court having jurisdiction of the county in which the employer, against who you filed a charge of employment discrimination, is located. The telephone number listed for eac District is that of the Clerk of the Court.

**U.S. District Court**
**Northern District of Illinois**
**Eastern Division at Chicago**
**219 South Dearborn Street**
**Chicago, Illinois  60604**
**312/435-5670**

Counties

| | |
|---|---|
| Cook | Kendall |
| DuPage | Lake |
| Grundy | LaSalle |
| Kane | Will |

**U.S. District Court**
**Northern District of Illinois**
**Western Division at Rockford**
**211 South Court Street**
**Federal Building**
**Rockford, Illinois  61101**
**815/987-4355**

Counties

| | |
|---|---|
| Boone | McHenry |
| Carroll | Ogle |
| DeKalb | Stephenson |
| JoDaviess | Whiteside |
| Lee | Winnebago |

**U.S. District Court**
**Southern District of Illinois**
**750 Missouri Avenue**
**East St. Louis, Illinois  62201**
**618/482-9370**

and

**301 West Main Street**
**Benton, Illinois  62812**
**618/438-0671**

Counties

| | |
|---|---|
| Alexander | Johnson |
| Bond | Lawrence |
| Calhoun | Madison |
| Clark | Marion |
| Clay | Massac |
| Clinton | Monroe |
| Crawford | Perry |
| Cumberland | Pope |
| Edwards | Pulaski |
| Effingham | Randolph |
| Fayette | Richland |
| Franklin | St. Clair |
| Gallatin | Saline |
| Hamilton | Union |
| Hardin | Wabash |
| Jackson | Washington |
| Jasper | Wayne |
| Jefferson | White |
| Jersey | Williamson |

**U.S. District Court**
**Central District of Illinois**
**Urbana Division**
**201 South Vine**
**218 U.S. Courthouse**
**Urbana, Illinois 61801**
**217/373-5830**

Counties

| | |
|---|---|
| Champaign | Kankakee |
| Coles | Macon |
| Douglas | Moultrie |
| Edgar | Piatt |
| Ford | Vermilion |
| Iroquois | |

**Peoria Division**

**100 N.E. Monroe Street**
**135 Federal Building**
**Peoria, Illinois  61602**
**309/671-7117**

Counties

| | |
|---|---|
| Bureau | McLean |
| Fulton | Peoria |
| Hancock | Putnam |
| Knox | Stark |
| Livingston | Tazewell |
| Marshall | Woodford |
| McDonough | |

**Rock Island Division**
**211 - 19th Street**
**Rock Island, Illinois  61201**
**309/793-5778**

Counties

| | |
|---|---|
| Henderson | Rock Island |
| Henry | Warren |
| Mercer | |

**Springfield Division**
**600 East Monroe Street**
**Springfield, Illinois  62701**
**217/492-4020**

Counties

| | | |
|---|---|---|
| Adams | Logan | Pike |
| Brown | Macoupin | Sangamon |
| Cass | Mason | Schuyler |
| Christian | Menard | Scott |
| DeWitt | Montgomery | Shelby |
| Greene | Morgan | |

Exhibit "B"



| | Sheriff's Office COOK COUNTY, ILLINOIS **SHERIFF'S ORDER** | ISSUANCE DATE | EFFECTIVE DATE | NO. |
|---|---|---|---|---|
| | | 09 AUG 11 | 29 AUG 11 | 11.4.5.0 |

| SUBJECT | DISTRIBUTION | RESCINDS |
|---|---|---|
| PROHIBITION OF DISCRIMINATION AND HARASSMENT/SEXUAL HARASSMENT IN THE WORKPLACE | - G | ALL PREVIOUSLY ISSUED GENERAL ORDERS REGARDING PROHIBITION OF DISCRIMINATION AND HARASSMENT/SEXUAL HARASSMENT IN THE WORKPLACE |
| RELATED DIRECTIVES | | AMENDS |

## I.      PURPOSE

This Order establishes the practices and procedures governing the discovery, reporting, investigation and discipline of discrimination and harassment/sexual harassment in order to maintain a workplace free from discrimination and harassment/sexual harassment. The Cook County Sheriff's Office (CCSO) is an Equal Opportunity Employer.  The Sheriff's Office makes employment decisions and implements employment actions without regard to political affiliation (for Non-Exempt positions), ethnicity, race, color, sex, sexual orientation, gender identity, age, marital status, religion, national origin, medical condition, disability and other status protected under federal, state and local law.

## II.     POLICY

Employees of the CCSO are expected to treat others with dignity and mutual respect at all times and it is the right of every CCSO employee to experience a non-hostile work environment free from discrimination and harassment/sexual harassment. Discrimination and harassment, either unlawful or inappropriate in the view of this policy, based on any factors listed in Section I, is forbidden and subject to disciplinary action, up to and including termination of employment. The CCSO shall continue to maintain a zero tolerance policy for discrimination and harassment/sexual harassment.  Any person found to have engaged in discrimination and harassment/sexual harassment shall be terminated.

All CCSO employees shall be informed of this Sheriff's Order and are required to report any and all alleged incidents of discrimination, harassment/sexual harassment or retaliation. Any CCSO employee with knowledge of alleged discrimination, harassment/sexual harassment or retaliation against another employee who does not report such knowledge is subject to disciplinary action, up to and including termination of employment.

CCSO employees who believe they have experienced workplace discrimination or harassment/sexual harassment have the right to file a complaint(s) and have the complaint(s) promptly investigated.

SOGO 11.4.5.0

Any CCSO employee acting in a supervisory position or capacity is responsible for informing the alleged victim, who is alleging a violation of this Sheriff's Order, of his/her right to file a complaint, providing the alleged victim with a Discrimination/Harassment/Sexual Harassment Form and instructing him/her to file the completed form with the Office of Professional Review (OPR). The supervisor is also responsible for completing his/her own Discrimination/Harassment/Sexual Harassment Form and forwarding the form to the OPR, with a copy forwarded to his/her Department Head/designee.

Charges of discrimination or harassment/sexual harassment against another employee must be made in good faith.

III.     **AUTHORITY**

    A.    Title VII of the Civil Rights Act of 1964, as amended, 20 U.S.C. 2000e, *et seq.*
    B.    Age Discrimination in Employment Act, as amended, 29 U.S.C. 621, *et seq.*
    C.    Americans with Disabilities Act, U.S.C. 12101 *et seq.*
    D.    Rehabilitation Act of 1973, as amended, 29 U.S.C. 701 *et seq.*
    E.    Illinois Human Rights Act, 775 ILCS 5/1-101 *et seq.*
    F.    Cook County Human Rights Ordinance, Cook County *Code* Section 42
    G.    City of Chicago Human Rights Ordinance, 2-160-130

IV.     **ENCLOSURE**

Discrimination/Harassment/Sexual Harassment Form (FCN-19)(JUL 11)

V.     **DEFINITIONS**

    A.    Collective Bargaining Agreement (CBA) – Any applicable CBA between the Sheriff and any legally recognized Collective Bargaining representative of employees in the CCSO. References to CBA's contained in this Sheriff's Order are applicable only to employees covered by a CBA.

    B.    Complainant – A person allegedly subjected to workplace discrimination or harassment/sexual harassment.

    C.    Contractor/sub-contractor – For the purpose of this Sheriff's Order, an individual or business with whom the CCSO has entered into an agreement or contract to provide goods or services.

    D.    Discrimination – Differential treatment or action, either for or against an individual or group, which may also include exclusion/inclusion or rejection/acceptance, either physical, verbal or written, based solely on his/her membership, perceived or real, in a particular group or category. Discrimination may also include employment actions related to hiring, firing, transferring, promoting, demoting, benefits, compensation, discipline and other terms and

conditions of employment, based on or because of an employee's protected class status.

E.   Employee – Any person employed by the CCSO in a sworn, non-sworn or civilian position or a temporary service worker. For the purpose of this policy, this definition also includes board and commission members under the authority of the Cook County Sheriff and individuals who intern or volunteer their services for or on behalf of the CCSO.

F.   Gender Identity – A person's self-identified gender, versus his/her anatomical gender at birth.

G.   Harassment/Sexual Harassment – Unsolicited, offensive and/or retaliatory behavior, either verbal, physical or written, that denigrates or shows hostility or aversion towards an individual or his/her relatives, friends or associates due to his/her ethnicity, race, sex/gender, color, religion, national origin, ancestry, marital status, age, sexual orientation, gender identity, health status, disability or an Employee's exercise of his/her constitutional or statutory rights. This includes sexual harassment involving unwelcome, unwanted or offensive sexual advances, requests for sexual favors and other physical, verbal or written conduct of a sexual nature. Sexual harassment can occur of women by men, men by women and between members of the same sex.

Harassment/sexual harassment may occur when submission to or rejection of such conduct is made, implicitly or explicitly, a term or condition of employment, or the basis for an employment action or such conduct has the purpose or affect of substantially interfering with an employee's work performance or creating an intimidating, hostile or offensive work environment.

1.   Harassment may include, but is not limited to:

    a.   Epithets, slurs, stereotyping, threatening, intimidating, degrading, humiliating, offensive or hostile acts; and/or

    b.   Written or graphic materials, paper or electronic, that denigrates or shows hostility or aversion towards an individual or group.

2.   Sexual harassment may include, but is not limited to:

    a.   Unwelcome, unwanted, or offensive touching or physical contact of a sexual nature, such as: closeness, impeding or blocking movement, assaulting or pinching; gestures; innuendoes; teasing, jokes, and other sexual talk; intimate inquiries; persistent unwanted courting; sexist put-downs or insults; epithets; slurs; or derogatory comments; and/or

**SOGO 11.4.5.0**

        b.    The viewing, possession, publication or distribution of sexual, suggestive material, for example: pictures, posters, calendars, graffiti, objects, promotional or reading materials or electronic messages, text messages or other electronic communication, or other postings in the workplace.

    H.    Protected class – A group of people protected by law from discrimination or harassment/sexual harassment based on their membership in that group, such as: race, color, national origin, sex (includes pregnancy related conditions), religion, age (40 and older), disability, ancestry, sexual orientation, marital status, parental status, military discharge status, source of income, gender identity, a person who uses leave covered by the Family and Medical Leave Act (FMLA), a person who uses Military Leave, a person who opposes unlawful employment practices, files a complaint or testifies about violations or possible violations, and any other protected class as defined by federal law, state law and County ordinances.

    I.    Retaliation – Adverse action by one employee against another employee who filed a complaint and/or sought redress to his/her complaint regarding discrimination or harassment/sexual harassment, or testified or participated in the investigation of another person's complaint under this Sheriff's Order.

    J.    Sexual orientation – Actual or perceived heterosexuality, homosexuality, bi-sexuality, transgender status whether or not traditionally associated with the person's designated sex at birth.

    K.    Supervisor – An employee in a position or capacity who supervises others or has authority or influence to make or affect employment actions.

## VI.    RESPONSIBILITY AND PROCEDURE

    A.    Responsibility

        1.    Overall Responsibility

            If discrimination or harassment/sexual harassment allegedly occurs in the workplace, the responsibility is shared by the complainant, the supervisor, OPR, any employee with knowledge of the alleged complaint and by civil and criminal authorities, if applicable, to make sure that all reasonable diligence shall be taken to ensure the conduct that created the discrimination or harassment/sexual harassment ceases and does not re-occur.

        2.    Individual Responsibility

            When possible, an alleged victim of discrimination or harassment/sexual harassment should directly inform the alleged offender that the conduct is

unwelcome and must stop, particularly when the alleged offender may have some reason to believe that the conduct may be welcomed. An alleged victim of discrimination or harassment/sexual harassment has the responsibility to notify his/her immediate supervisor (or a supervisor of choice within his/her Chain of Command or the Director of Personnel/Designee) or OPR of the alleged discrimination or harassment/sexual harassment. If the complainant fails to notify a supervisor, OPR or Director of Personnel/Designee within a reasonable time frame after the alleged incident, the CCSO may not be able to provide due diligence in any investigation, remedial measures, prevention of reoccurrence or retaliation in connection with the alleged incident.

3.     Responsibility of Co-worker/Employee with Knowledge of Alleged Complaint

It is the responsibility of a co-worker or any employee who has any information about a complaint of alleged discrimination or harassment/sexual harassment either directly or indirectly to complete a Discrimination/Harassment/Sexual Harassment Form and submit the completed form to OPR, his/her immediate supervisor (or a supervisor of his/her choice within his/her Chain of Command, or the Director of Personnel/Designee).

4.     Supervisor/Department Responsibility

Upon receiving a complaint of alleged discrimination or harassment/sexual harassment, it is the responsibility of the complainant's supervisor to inform the complainant that he/she may file a complaint with OPR and provide the complainant with a Discrimination/Harassment/Sexual Harassment Form. The supervisor must inform the complainant that it is the supervisor's responsibility to inform OPR of the alleged complaint, even if the complainant indicates he/she does not wish to inform OPR. The supervisor must forward a Discrimination/Harassment/Sexual Harassment Form to OPR and notify his/her Department Head/designee. Additionally, if a supervisor becomes aware of an incident/situation that may constitute discrimination or harassment/sexual harassment, he/she must forward a Discrimination/Harassment/Sexual Harassment Form immediately to OPR, even in the absence of being contacted by the complainant.

5.     Office of Professional Review Responsibility

OPR, upon receipt of an alleged complaint of discrimination or harassment/sexual harassment, formally or anonymously, must initiate an investigation promptly. OPR, in cooperation with the complainant and

**SOGO 11.4.5.0**

any other employee involved in the investigation, shall use due diligence to protect the complainant from retaliation, either to prevent retaliation or cease retaliation upon occurrence in response to the filing of the alleged complaint. In the event that the alleged complaint is of a criminal nature, OPR shall provide the alleged complaint to the appropriate law enforcement authority.

B.  Procedures

    1.  Notification/Filing

        a.  The complainant may initially verbally inform OPR, an immediate supervisor (or any supervisor in his/her Chain of Command), or the Director of Personnel/designee.

        b.  Complainants shall file a complaint by forwarding the completed Discrimination/Harassment/Sexual Harassment Form to OPR. The complainant must file the complaint as soon as practicable after the alleged discrimination or harassment/sexual harassment occurs. Complainants shall be required to file a signed and notarized Complaint Register with OPR.

        c.  A supervisor or any employee with knowledge of an alleged complaint of discrimination or harassment/sexual harassment shall immediately complete a Discrimination/Harassment/Sexual Harassment Form, providing as much information as available, as outlined in Section VI, subsection B.1.b, and forward the Form to OPR, with a copy provided to his/her Department Head/designee.

    2.  Investigation

OPR shall coordinate and conduct all investigations of alleged discrimination and harassment/sexual harassment and shall provide discretion and confidentiality, except to the extent necessary to conduct an investigation and to take corrective action.

        a.  All discrimination and harassment/sexual harassment complaints shall be taken seriously and an investigation shall be initiated as quickly as practicable upon notification of an alleged discrimination or harassment/sexual harassment complaint.

        b.  OPR shall determine if a temporary re-assignment, including location and/or shift, or other employment action should be initiated to ensure the complainant is protected from further potential discrimination, harassment/sexual harassment or retaliation.

SOGO 11.4.5.0

    c.    If OPR determines an employment action must be initiated to prevent further alleged discrimination, harassment/sexual harassment or retaliation, the notification procedures shall be followed and documented as found in the Sheriff's Employment Action Manual (SEAM), Article O, Assignments.

    d.    Upon conclusion of an investigation of discrimination or harassment/sexual harassment, OPR shall notify the complainant and the accused in writing via certified mail that the investigation has been concluded. Both parties shall also be notified in writing via certified mail of the final determination, either sustained or not-sustained.

## VII.    RETALIATION

A.    This policy prohibits retaliation against any employee who files a discrimination or harassment/sexual harassment complaint, participates in a discrimination or harassment/sexual harassment investigation, or reports observing discrimination or harassment/sexual harassment. Any employee who is found to have retaliated against another employee shall be subject to discipline, up to and including termination of employment.

B.    If an employee believes that he/she has been retaliated against as a result of filing a discrimination or harassment/sexual harassment complaint, participating in a discrimination or harassment/sexual harassment investigation, or reporting the observance of discrimination or harassment/sexual harassment, he/she must contact OPR immediately. If the employee chooses to report alleged retaliation to his/her supervisor or any other party, the supervisor or other party must notify OPR immediately. Complaints of retaliation shall be investigated by OPR.

C.    Contractors/sub-contractors, temporary service workers, interns or volunteers found to have engaged in retaliation may be subject to termination of employment.

## VIII.    DISCIPLINE

A.    Any employee found to be in violation of this policy may be subject to disciplinary action, up to and including termination of employment.

B.    Any employee found to have engaged in discrimination, harassment/sexual harassment, or retaliation in violation of this policy, either considered unlawful or inappropriate in the view of this policy, shall be subject to disciplinary action, up to and including termination of employment. All discipline shall be in accordance with any applicable CBA.

SOGO 11.4.5.0

    C.      Any employee who is aware of conduct in violation of this policy, including discrimination, harassment/sexual harassment or retaliation and who fails to report the violation may be subject to disciplinary action, up to and including termination of employment. All discipline shall be in accordance with any applicable CBA.

    D.      Any employee who engages in discrimination, harassment/sexual harassment or retaliation of another employee while away from the workplace and outside of working hours may be subject to the provisions and discipline (up to and including termination of employment) of this policy if that conduct is determined to have had a negative impact on the CCSO, work environment and/or working relationships. Any discipline shall be in accordance with any applicable CBA.

    E.      If a discrimination or harassment/sexual harassment complaint is sustained against a contractor/sub-contractor, temporary service worker, intern or volunteer, OPR shall inform the supervisor, if applicable, of the accused and shall provide a recommendation whether the accused should or should not be allowed to return the workplace. The CCSO maintains the right to revoke the security clearance/credentials or access to secured areas including but not limited to the Cook County Department of Corrections of a contractor/sub-contractor, temporary service worker, intern or volunteer at any time.

**IX.     POLICY NOTIFICATION**

All CCSO employees, including interns shall:

    A.     be provided with a copy of this policy;

    B.     sign an acknowledgement indicating he/she has read the policy and had the opportunity to ask questions;

    C.     be provided an opportunity to ask questions and have his/her questions answered; and

    D.     the Department Head/designee of each employee is responsible for forwarding original signed acknowledgements, for each employee, to the employee's respective Personnel Department. The respective Personnel Department shall place the acknowledgement in the employee's personnel file.

**X.     APPLICABILITY**

    A.     This Sheriff's Order is applicable to all sworn, non-sworn, civilian CCSO employees and interns.

    B.     This Sheriff's Order is designated as a High-Priority Order and therefore shall be printed and distributed on yellow paper.