# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PATSY WALKER-DABNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 15-cv-942 |
| v. ) | |
| ) | Judge Robert M. Dow, Jr. |
| THOMAS DART, Sheriff of Cook County, et al. ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a corrections officer with the Cook County Sheriff's Department, alleges that Defendants discriminated against her and harassed her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.,* and 42 U.S.C. § 1983. Defendants move to dismiss [24] for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the Court grants Defendant's motion in part and denies it in part [24].

**I.    Background**

The following facts are taken from Plaintiff's amended complaint and are accepted as true for the purposes of this motion. Plaintiff alleges that the Defendants violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.,* and 42 U.S.C. § 1983 when they discriminated against her and harassed her. Defendant Rosario is the supervisor of Plaintiff and Defendant Officer Bochnak as well as the other correctional officers in Division 11. Defendant Bratlien is the Superintendent of Division 11 and has the authority to discipline correctional officers in that Division, including terminating or suspending those officers. Defendant Smith is

the Executive Director of the Human Resources Department for the Cook County Jail. Defendant Turner is the Assistant Director of Human Resources for the Cook County Jail.

On July 30, 2014, Plaintiff Walker-Dabner was assigned as a movement officer in the A Pod Tier of Division 11 of the Cook County Jail along with Correctional Officers Bochnak and Walker. Movement officers enable inmates to move about the division in an orderly manner, provide security, and promote order in the facility. At some point after 9:00 am that day, Plaintiff heard screaming and shouting coming from the A Pod Tier, apparently from the inmates who were angry with Officer Bochnak because he was directing racial slurs at them and denying them various necessities including tissue, soap and toothpaste. At that time, Officer Bochnak walked over to Plaintiff and said, "Your people need you. They are not my people." Plaintiff responded, "That is your assignment." Officer Bochnak replied, "Those are your people, they're not my people." Officer Bochnak walked away as he spoke. Plaintiff asked Bochnak, "Are you calling me a black person or maybe a 'nigger'?" At the time that the incident occurred, Correctional Officer Walker was present. After the incident, Plaintiff became upset and left work immediately. On August 1, 2014,[1] Plaintiff reported the incident to Defendants Rosario and Bratlien. Neither Defendant documented the occurrence even though Plaintiff believes there were other such incidents involving Officer Bochnak making racial remarks to both black inmates and correctional officers. According to Plaintiff, on one occasion, Bochnak stated that he was not concerned about being fired or terminated because his father was a Chicago Police Officer.

On August 8, 2014, Defendant Rosario and others held a meeting with Defendant Bochnak and Plaintiff where Defendant Bochnak admitted to making the racial slurs and

---

[1] Plaintiff's amended complaint [12 at ¶ 17] refers to August 1, 2014 as the "following Monday," but it was a Friday.

allegedly apologized to Plaintiff. The Defendants did not allow Plaintiff to file a grievance against Officer Bochnak; instead, they asked her to accept Bochnak's apology. On October 24, 2014,[2] Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC"). On October 30, 2014, the EEOC issued a dismissal and notice of rights to sue letter. [12, Ex. A].

## II.     Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). However, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the * * * claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555) (ellipsis in original). Dismissal for failure to state a claim under Rule 12(b)(6) is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly,* 550 U.S. at 558. The Court reads the complaint and assesses its plausibility as a whole. See *Atkins v. City of Chi.,* 631 F.3d 823, 832 (7th Cir. 2011).

---

[2] The Court notes a discrepancy between the date listed in the complaint and the date listed in EEOC Charge of Discrimination. Compare [12 at ¶ 19] with [12, Ex. A at 2]. The Court uses the date listed on the latter.

**III.    Analysis**

Defendants move to dismiss pursuant to Rule 12(b)(6), arguing that Plaintiff fails to state a claim for which relief can be granted because (1) Defendants cannot be sued under Title VII, (2) Plaintiff fails to properly plead a racial discrimination claim, and (3) Plaintiff fails to properly plead a harassment claim. Should the Court deny the motion, the Defendants request that the Court strike Plaintiff's prayer for punitive damages. The Court considers each of Defendants' four arguments in turn.

**A.    Whether Defendants Can Be Sued under Title VII**

First, Defendants argue that Plaintiff's claims should be dismissed because Title VII suits must name the employer as an entity rather than specific individuals, [24 at 3] citing *Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995) for support. However, in that case, the Seventh Circuit affirmed the Court's 12(b)(6) dismissal because "a *supervisor* does not, in his individual capacity, fall within Title VII's definition of employer". *Id.* (emphasis added). *Williams* dealt with the sometimes knotty issue of vicarious liability, see, *e.g.*, *Andonissamy v. Hewlett-Packard Co.*, 547 F.3d 841, 848 (7th Cir. 2008), and does not furnish the Court with the necessary precedent to comprehensively address whether claims against all of the named Defendants should be dismissed.

The Court must first determine whether Plaintiff sues Defendant Dart in his official capacity as Sheriff of Cook County or in his personal capacity. Title VII of the Civil Rights Act of 1964 defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees * * * and any agent of such person." 42 U.S.C. § 2000e(b). Thus, Title VII allows recovery only against the employer itself. In *Hill v. Shelander*, 924 F.2d 1370 (7th Cir. 1991), the Seventh Circuit moved away from an earlier presumption in *Kolar v. County*

*of Sangamon*, 756 F.2d 564 (7th Cir. 1985), that Section 1983 plaintiffs who fail to designate whether a defendant is sued in individual or official capacity intended to bring an official capacity suit. Instead, an "official capacity suit will be presumed when the indicia of an official policy or custom are present in the complaint." *Hill v. Shelander*, 924 F.2d 1370, 1373 (7th Cir. 1991).

The Court construes Plaintiff's complaint as suing Defendant Dart in his official capacity. First, Plaintiff uses the Defendants' official titles throughout her complaint. See *Hill*, 924 F.2d at 1373. Second, Plaintiff includes indicia of an official policy or custom in her complaint: Plaintiff attaches as "Exhibit B" to her complaint the Cook County Sheriff's Order prohibiting discrimination and harassment in the workplace, effective August 29, 2011. See *id.* Finally, when Plaintiff identifies Defendant Dart as a party in her complaint, Plaintiff describes him in the following manner: "Defendant Dart employs more than 500 employees at the Cook County Jail wherein these employees are responsible for maintaining security for the more than 11,000 inmates which is within the meaning of 42 U.S.C. Section 2000(e)(b) of Title VII of the Civil Rights Act." [12 at ¶ 9]. Considering that Plaintiff cites Title VII's definition of "employer" in describing Defendant Dart, it is reasonable for the Court to infer that Plaintiff intends to sue Sheriff Dart, her employer, in his official capacity. See *Carver v. Sheriff of LaSalle Cty., Ill.*, 243 F.3d 379, 381 (7th Cir. 2001) (concluding that the "Title VII claim necessarily was an official-capacity action because only an 'employer' is covered by that statute").

While Sheriff Dart is a proper defendant in this action, the Court must also consider whether the remaining Defendants are proper. Because Defendant Bratlien is the Superintendent of Division 11 where the incident between Bochnak and Plaintiff took place, Bratlein presumably is responsible for the supervision of the officers in that division. [12 at ¶ 11].

5

Defendant Rosario is identified in the complaint as "the Supervisor" of both Plaintiff and Defendant Bochnak. [*Id.* at ¶ 10]. However, "a supervisor is not a proper defendant in Title VII, the suit must proceed against the employer as an entity rather than against a natural person." *Carver v. Sheriff of LaSalle Cnty., Illinois*, 243 F.3d 379, 381 (7th Cir. 2001); *Robinson v. Sappington*, 351 F.3d 317, 332, n. 9 (7th Cir. 2003) ("It is only the employee's employer who may be held liable under Title VII."). Thus, Defendants Rosario and Bratlein cannot be Title VII Defendants in this action. The same is true for Defendant Smith, who runs Human Resources for the Jail, Defendant Turner, who assists Defendant Smith in Human Resources, and Defendant Bochnak, another corrections officer and Plaintiff's co-worker. Because those defendants cannot be held individually liable, Plaintiff cannot proceed under Title VII against Defendants Rosario, Bratlien, Turner, Smith, or Bochnak. See, *e.g.*, *Matthews v. Marten Transp., Ltd.*, 354 F. Supp. 2d 899, 903 (W.D. Wis. 2005); *Harwood v. Gurley-Leep Auto. Sales, LLC*, 2012 WL 5985630, at *2 (N.D. Ind. Nov. 29, 2012). Accordingly, the Title VII claims against all Defendants other than Sheriff Dart must be dismissed.

### B.  Discrimination Claim (Count I)

Having disposed of all claims against the Defendants except Sheriff Dart—in his official capacity as Plaintiff's employer—the Court now considers whether Plaintiff's discrimination claim against Sheriff Dart (Count I of the Complaint) should be dismissed pursuant to Rule 12(b)(6). In order to establish a prima facie case in a race discrimination action, a plaintiff must demonstrate that "1) she is a member of a protected class; 2) she was meeting her employer's legitimate performance expectations; 3) she suffered an adverse employment action; and 4) other similarly situated employees who were not members of the protected class were treated more favorably." *Fane v. Locke Reynolds, LLP*, 480 F.3d 534, 538 (7th Cir. 2007) (citing *McDonnell*

*Douglas Corp. v. Green,* 411 U.S. 792 (1973)). "The prima facie case under *McDonnell Douglas*, however, is an evidentiary standard, not a pleading requirement." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510 (2002). As a result, Plaintiff need only "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* at 512 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). However, unlike the complaint at issue in *Swierkiewicz*, Platiniff's complaint as to her racial discrimination claim does not satisfy the requirements of Rule 8(a) because Plaintiff does not identify any adverse employment action. "The definition of an adverse employment action is generous, but it is still subject to certain limitations. *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2003) (citation omitted). "At the very least," Plaintiff must plead "some quantitative or qualitative change in the terms or conditions of h[er] employment that is more than a mere subjective preference." *Id.*

Staying within the four corners of the complaint, the Court cannot discern whether Plaintiff suffered any change in employment as a result of the incident with Officer Bochnak. Rather, it appears from the complaint that Plaintiff's racial discrimination claim is based on Defendants' failure to discipline Officer Bochnak. "Defendants * * * treated Plaintiff differently on the basis of her race and color in the terms and conditions of failing to discipline Officer Bochnak." [12 at ¶ 25]. As the Court held in an earlier case, "[a]lthough an employer's failure to discipline an employee * * * might be evidence of a hostile work environment, in and of itself, it is not actionable under Title VII." *Hall v. City of Chi.*, 152 F. Supp. 2d 962, 969 (N.D. Ill. 2001). In *Galloway v. General Motors Serv.,* the Seventh Circuit held that a co-worker's obscene comments and descriptions of a female employee were not actionable under Title VII. 78 F.3d 1164, 1167 (7th Cir. 1996); see, *e.g., Chrysler Wren v. Chrysler Grp., LLC*, 2015 WL 1417795, at *8 (S.D. Ind. Mar. 27, 2015); *McQueen v. City of Chi.*, 2014 WL 1715439, at *3

7

(N.D. Ill. Apr. 30, 2014); *Baker v. Pactiv Corp.*, 2004 WL 812994, at *3 (N.D. Ill. Apr. 14, 2004). failure to discipline his two co-workers for making the false complaints, the posting of an incorrect schedule, and the receipt of a counseling e-mail were not, in and of themselves, adverse employment actions. Defendant Dart's failure to discipline is not actionable racial discrimination under Title VII because it had "no tangible, negative impact on [Plaintiff's] employment." *Ajayi v. Aramark Bus. Servs., Inc.*, 336 F.3d 520, 529 (7th Cir. 2003).

Considering the Court cannot discern what adverse action resulted from the alleged racial discrimination, Plaintiff has not given Defendants fair notice in regard to her racial discrimination claim. Accordingly, the Court grants Defendants' motion to dismiss Count I of Plaintiff's complaint as to Sheriff Dart.

### C. Hostile Work Environment Claim (Count II)

The Court now turns to Count II, Plaintiff's harassment claim against Sheriff Dart. As discussed above, Plaintiff need not plead a prima facie harassment claim to survive a motion to dismiss; Plaintiff need only give her employer fair notice as to that claim. The elements of a harassment claim are that the employee "(1) was subjected to unwelcome harassment, (2) the harassment was based on [her] national origin or ancestry, (3) the harassment was severe or pervasive enough to alter the conditions of [her] employment and create a hostile and abusive work environment, and (4) there is a basis for employer liability." See *Andonissamy*, 547 F.3d at 847 (citation and quotation marks omitted). The first two prongs of the analysis are easily met: Plaintiff alleges that Officer Bochnak spewed racial slurs at black inmates of the Cook County Jail in Plaintiff's presence and then told Plaintiff to deal with those inmates because they are her "people," *i.e.*, because she is African-American. [12 at ¶ 16]. Those allegations satisfy the fair notice requirement of Rule 8. The third and fourth require more attention.

Defendants insist that Plaintiff's complaint does not sufficiently allege that the harassment was severe or pervasive enough to alter the conditions of her employment. While the Plaintiff need not allege that the harassing conduct was "both severe *and* pervasive," the alleged conduct must be "so severe or pervasive as to alter the terms or conditions of the employment relationship." *Jackson v. Cnty. of Racine*, 474 F.3d 493, 499 (7th Cir. 2007) (citations omitted). Considering Plaintiff alleges only one incident of harassment,[3] the Court need only consider whether Plaintiff's complaint provides enough notice to the Defendants on the particulars of that incident. See *Id.* ("One instance of conduct that is sufficiently severe may be enough.") Still, the relative severity of the incident is typically a fact-driven inquiry. At this stage, the Court draws all reasonable inferences in Plaintiff's favor, and those inferences are enough to satisfy the Court that Plaintiff has given Defendants fair notice of her harassment claim. As laid out in her complaint, on July 30, 2014, Officer Bochnak made racial slurs in Plaintiff's presence when they were both assisting with moving inmates in Division 11 of the Jail. Compare [12 at ¶ 15] with *Ngeunjuntr v. Metropolitan Life Ins. Co.,* 146 F.3d 464, 467 (7th Cir. 1998) (racial comments made outside employee's presence did not show hostile environment). Officer Bochnak then turned to Plaintiff and told her that these slandered individuals were her "people" and her responsibility. Compare [12 at ¶ 16] with *Johnson v. City of Fort Wayne*, 91 F.3d 922, 938 n. 8 (7th Cir. 1996) (harassing conduct must be directed at employee in order to show racially hostile environment). It is plausible that, depending on the content and nature of Officer Bochnak's alleged rant at the inmates, such an incident could be so severe as to alter the conditions of Plaintiff's employment.

---

[3] Although Plaintiff alleges in her complaint that Defendants knew of Officer Bochnak's "pattern of racial discrimination," the Court cannot determine from the complaint what that pattern might be. [12 at ¶ 23].

In regard to whether there is a basis for employer liability, the fourth and final prong of the harassment claim, the Court notes at the outset that "[e]mployers are not strictly liable under Title VII for the discriminatory acts of their agents." *Williams*, 72 F.3d at 555 (citing *Meritor Savings Bank v. Vinson,* 477 U.S. 57, 72 (1986)). Rather, Defendant Dart, as the employer "can be vicariously liable for a hostile work environment created by a supervisor," but only if the employer "was negligent in discovering or remedying the harassment." *Andonissamy,* 547 F.3d at 848. Harassment "by co-workers differs from harassment by supervisors." *Parkins,* 163 F.3d at 1032. Here, Plaintiff focuses on harassment by Officer Bochnak, who was not her supervisor. Employers like Sheriff Dart are liable for a co-worker's "harassment only when they have been negligent either in discovering or remedying the harassment." *Parkins v. Civil Constructors of Illinois, Inc.*, 163 F.3d 1027, 1032 (7th Cir. 1998) (citations and quotation marks omitted). "An employer's legal duty in co-employee harassment cases will be discharged if it takes reasonable steps to discover and rectify acts of sexual harassment of its employees." *Id.* (citations and quotation marks omitted). At this stage in the litigation, the Court accepts as true Plaintiff's allegation of negligence on the basis of Defendants' refusal to let Plaintiff file a grievance against Bochnak and request that instead she accept Bochnak's apology.

Defendants want to use their motion to dismiss as a vehicle for advancing their affirmative defense. The Defendants may well have a defense to Plaintiff's harassment claim. Considering the alleged harassment in this case was "not accompanied by, or does not result in, any tangible employment action, then the employer is entitled to defeat the plaintiff's case by showing 'a) that the employer exercised reasonable care to prevent and correct promptly any * * * harassing behavior, and b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm

otherwise.'" *Jackson v. Cnty. of Racine*, 474 F.3d 493, 500-01 (7th Cir. 2007) (quoting *Ellerth*, 524 U.S. at 765). However, "complaints do not have to anticipate affirmative defenses to survive a motion to dismiss." *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005) (citing *Gomez v. Toledo,* 446 U.S. 635, 640 (1980)). "The exception occurs where * * * the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations." *Id.*; see also *Walker v. Thompson*, 288 F.3d 1005, 1010 (7th Cir. 2002) ("Appropriate caution in its exercise is assured by the requirement that the validity of the defense be both apparent from the complaint itself, and unmistakable, so that the suit is fairly describable as frivolous.")

The general rule governs in this case. At a later date, facts may come to light as to whether Plaintiff's employer exercised reasonable care in responding to Officer Bochnak's allegedly racist tirade or that the Plaintiff failed to take advantage of the employer's offers to avoid the harm. But in matters like these, the Seventh Circuit has cautioned district courts to "refrain from granting Rule 12(b)(6) motions on affirmative defenses" where the defenses "turn on facts not before the [C]ourt at that stage in the proceedings." *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012) (citation omitted). "Rule 12(b)(6) tests whether the complaint states a claim for relief, and a plaintiff may state a claim even though there is a defense to that claim." *Id.*

Plaintiff's harassment claim against her employer, Sheriff Dart, survives Defendants' motion to dismiss. See *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (reaffirming "minimal pleading standard for simple claims of race or sex discrimination"). The Seventh Circuit has held "on numerous occasions that a plaintiff alleging employment discrimination

under Title VII may allege these claims quite generally." *Id*. While "[t]he complaint does not contain all of the facts that will be necessary to prevail, * * * a filing under Rule 8 is not *supposed* to do that. The complaint "should be 'short and plain' and suffices if it notifies the defendant of the principal events * * * * Rule 8 does not require—or permit district judges to require—fact pleading." *Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003).

### D. Punitive Damages

Finally, Defendants request that the Court strike Plaintiff's prayer for punitive damages. Judging by her response, Plaintiff agrees. See [30 at 9] ("Plaintiff has reviewed the case law as it relate [sic] to punitive damages and has been able to ascertain that although punitive damages are allowed under 1983 causes of actions and where individuals are sued under Title VII, governmental defendants are no [sic].") Defendants are correct that "[a]s a general rule, local public entities are immune from punitive damage awards in civil rights actions." *Albanese v. Wasilenko*, 2014 WL 4507623, at *2 (N.D. Ill. Sept. 10, 2014) (quoting *Kolar,* 756 F.2d at 567). In a Title VII suit alleging harassment against the Cook County Sheriff's Department, the Seventh Circuit concluded that the Department "can be held liable for [a supervisor's] harassment under Title VII, but it cannot be held liable for punitive damages." *Passananti v. Cook Cty.*, 689 F.3d 655, 677 (7th Cir. 2012) (citing 42 U.S.C. § 1981a(b)(1)). Therefore, the Court strikes Plaintiff's prayer for punitive damages.

To sum up, the following claims are dismissed: Plaintiff's racial discrimination claim against all Defendants (Count I); Plaintiff's harassment claim against all Defendants save Sheriff Dart, and Plaintiff's prayer for punitive damages. All that survives Defendant's motion to dismiss is Plaintiff's harassment claim (Count II) against her employer, Sheriff Dart.

## IV. Conclusion

For the reasons stated above, the Court grants Defendants' motion to dismiss in part and denies it in part [24]. Plaintiff is given until 1/20/2016 to file an amended complaint if she believes that she can cure any of the deficiencies identified above. This case is set for further status hearing on 1/27/2016 at 9:00 a.m.

Dated: December 18, 2015

Robert M. Dow, Jr.
United States District Judge